NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: Frank.Russo@usdoj.gov
         Tom.Bradley@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN KILLIAN,<br><br>Defendant. | ) Case No. 3:06-cr-00041-08<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

**I.    TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS**

### A.  Terms of Agreement

The defendant agrees to plead guilty to Count 2 of the Indictment of this case, charging him with Conspiracy to Distribute marijuana, and admit that during his participation in the conspiracy, the conspiracy distributed between 700 and 1000 kilograms of marijuana. The United States agrees to dismiss the remaining counts of the indictment as they relate to this defendant. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B.  Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the

Court grants the government's post imposition of sentence motion to dismiss the

remaining charges or rejects the parties' sentencing recommendations at the

sentencing hearing.

**C.    Waiver of Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any

claim for the award of attorney fees and costs from the other party.

## II.    CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1.    The defendant agrees to plead guilty to the following count(s) of the

indictment:

Count 2, conspiracy to distribute marijuana, in violation of

21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B).

**B.    Elements**

The elements of the charge(s) to which the defendant is pleading guilty are

as follows:

Conspiracy to distribute marijuana, as charged in Count 2:

1.    There was an agreement between two or more people to

distribute marijuana;

2.      the defendant joined the conspiracy knowing of its object and
intending to help accomplish it; and

3.      The amount of marijuana involved in the conspiracy was 100
or more kilograms.

## C.    Factual Basis

The defendant admits the truth of the allegations in count 2 of the
indictment and the truth of the following statement, and the parties stipulate that
the Court may rely upon this statement to support the factual basis for the guilty
plea(s) and for the imposition of the sentence:

Sometime between May 2000, and April 22, 2006, I, JUSTIN KILLIAN,
the defendant, became a member of an agreement with Thomas Ranes and other
individuals, both named and unnamed in the indictment, to facilitate the
distribution and importation of Canadian marijuana.  I joined this agreement
knowing that this group would be importing marijuana from Canada for the
purpose of distributing it in Alaska.  During the course of my involvement in the
conspiracy, this group imported over 700 kilograms of marijuana.  I joined this
group with the intent of assisting Ranes and others to distribute the marijuana into

Alaska from Canada. To assist the conspiracy, I distributed marijuana to several individuals, and recruited another individual to drive marijuana from Canada into Alaska.

I committed a number of acts to advance the purposes of the conspiracy. One such act was committed on or about mid-December 2005, when I received marijuana from Ranes which had been imported from Canada. I distributed this marijuana in Alaska.

**D.    Statutory Penalties and Other Matters Affecting Sentence**

I.    **Statutory Penalties**

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

1) 5 years (**Mandatory Minimum)** to 40 years imprisonment;

2) a $2 million fine;

3) a $100 mandatory special assessment; and

4) 4 years (**Mandatory Minimum**) to life of supervised release.

2.    **Other Matters Affecting Sentence**

a.    **Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's

sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose

an additional fine to pay the costs to the government of any imprisonment and

supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise

ordered, if the Court imposes a fine of more than $2,500, interest will be charged

on the balance not paid within 15 days after the judgment date; 3) upon violating

any condition of supervised release, a further term of imprisonment equal to the

period of the supervised release may be imposed, with no credit for the time

already spent on supervised release; 4) the Court may order the defendant to pay

restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

b.    **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on

the day the Court imposes the sentence. All payments will be by check or money

order, and are to be delivered to the Clerk of Court, United States District Court,

222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

c.    **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied

federal benefits including any grants, loans, licenses, food stamps, welfare or

other forms of public assistance, as well as the right to own or possess any

firearms, the right to vote, the right to hold public office, and the right to sit on a

jury.  If applicable, any defendant who is not a United States citizen, may be

subject to deportation from the United States following conviction for a criminal

offense  and will not be permitted to return unless the defendant specifically

receives the prior approval of the United States Attorney General.

**E.    Forfeiture**

Assets to be forfeited under this agreement:

(1) $25,000.00 in United States Currency converted to a cashiers check

made out to the U.S. Marshals Service, EPIC no: 658135 (seized 6/26/06,

pursuant to a consent search of Killian's girlfriend, Kendra Harding's 2003

GMC Yukon);

(2) One 2004 Ford F-250 Pickup Truck, black in color, bearing Alaska

license plate ESX174, VIN AFTNW21P44EC05499; and

(3) One 2004 Triton Elite Aluminum Trailer, VIN 4TCSS21494H102505,

bearing Alaska License plate 5609RN;

I agree that if any firearms or illegal contraband were seized by any law

enforcement agency from my possession, or that were in my direct or indirect

control, then I consent to the administrative forfeiture, official use and/or

destruction of said firearms or contraband by any law enforcement agency

involved in the seizure of these items.

## III.    ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; NON-BINDING GUIDELINE SENTENCE CALCULATION;  SENTENCING RECOMMENDATIONS

### A.    ADVISORY UNITED STATES SENTENCING GUIDELINES

The Court must consult the advisory United States Sentencing Commission

Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when

considering the sentence to impose.  The U.S.S.G. do not establish the statutory

maximum or minimum sentence applicable to the offenses to which the defendant

is pleading guilty.  The U.S.S.G. are not mandatory and the Court is not bound to

impose a sentence recommended by the U.S.S.G.

## B.    GUIDELINE APPLICATION AGREEMENTS

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1.    Acceptance of responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C.    NON-BINDING GUIDELINE CALCULATION

Below is a summary of the government's estimate of a possible sentencing range under the U.S.S.G. for the defendant based solely upon the facts the defendant is admitting in support of the guilty plea(s) and other agreed upon factual statements that are set forth in Section II C, any agreed upon guideline

applications, and a preliminary non-binding assessment of the defendant's criminal history.[1] This summary only include s those aggravating or mitigating adjustments available under the U.S.S.G. that the parties have specifically agreed apply. The guideline summary contained in this agreement binds neither the Court, the defendant, nor the United States. Neither this summary nor this agreement limits the information upon which the Court can base its U.S.S.G. calculation or its final sentencing decisions in this case. The Court may find other relevant facts and other adjustments apply to the defendant's guideline sentence calculation that may result in a higher or lower guideline sentence range than is contained in this agreement. The parties are free to establish additional facts or argue for any guideline adjustments that may affect the Court's final calculation of the defendant's guideline sentence range. The defendant understands that the discussions between defense counsel and the defendant concerning the defendant's sentence exposure are only estimates and do not bind the Court. Unless otherwise specifically stated in this agreement, the Court has the discretion to impose a sentence that is higher than or lower than the sentence range contained in this summary or in the defendant's pre-sentence report.

---

[1]     The defendant is permitted to argue that his criminal history is over-represented by one category. The United States is free to oppose such argument.

*SUMMARY:*

*NON BINDING ESTIMATED BASE OFFENSE LEVEL..... 30*

*ACCEPTANCE OF RESPONSIBILITY. . . . . . . . . . . . . . . . . . . . <u>-3</u>*

*NON BINDING ESTIMATED TOTAL. . . . . . . . . . . . . . . . . . . . 27*

*NON BINDING ESTIMATED CRIMINAL HISTORY. . . . . . . . III*

*NON BINDING ESTIMATED*
*SENTENCING RANGE. . . . . . . . . . . . . . . . . . . . . . 87 - 108 months*

*SUPERVISED RELEASE RANGE. . . . . . . . . . min. 4 years - Life*

*FINE RANGE. . . . . . . . . . . . . . . . . . . . . . . . . . . $17,500 - $175,000*

## D.    Sentencing Recommendations

The United States Probation Office will prepare the defendant's

pre-sentence report in which it will include a recommended calculation of the

defendant's sentence range under the U.S.S.G. Both the United States and the

defendant will have the opportunity to argue in support of or in opposition to the

guideline sentence range calculation the U.S.P.O. recommends, as well as present

evidence in support of their respective sentencing arguments. The parties are free

to recommend to the Court their respective positions on the appropriate sentence

to be imposed in this case based on the stipulated facts set forth in Section II C,

any additional facts established at the imposition of sentence hearing, the

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing

factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

–   If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

–   The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

–   The right to object to the composition of the grand or trial jury;

–   The right to plead not guilty or to persist in that plea if it has already been made;

–   The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is

established beyond a reasonable doubt;

—    The right to be represented by counsel at trial and if necessary
to have a counsel appointed at public expense to represent the
defendant at trial -- the defendant is not waiving the right to
have counsel continue to represent the defendant during the
sentencing phase of this case;

—    The right to confront and cross examine witnesses against the
defendant, and the right to subpoena witnesses to appear in the
defendant's behalf;

—    The right to remain silent at trial, with such silence not to be
used against the defendant, and the right to testify in the
defendant's own behalf;

—    The right to contest the validity of any searches conducted on
the defendant's property or person.

## B.    Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from
the entry of guilty plea(s) to the charges set forth in this agreement. The
defendant further agrees that if the Court imposes a sentence that does not exceed

the statutory maximum penalties— as set forth in section II D above in this

agreement, the defendant waives without exception the right to appeal on all

grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes—

including forfeiture (if applicable) or terms or conditions of probation

(if applicable) or supervised release, and any fines or restitution.

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting

conviction(s) and/or sentence – including forfeiture (if applicable) or terms or

conditions of probation (if applicable) or supervised release, and any fines or

restitution – the Court imposes. The only exceptions to this collateral attack

waiver are as follows: 1) any challenge to the conviction or sentence alleging

ineffective assistance of counsel – based on information not now known to the

defendant and which, in the exercise of reasonable diligence, could not be known

by the defendant at the time the Court imposes sentence; and 2) a challenge to the

voluntariness of the defendant's guilty plea(s).

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance

of the defendant's plea and the terms of this agreement, the United States agrees

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

to dismiss the remaining counts of the indictment as they relate to this defendant following imposition of the defendant's sentence. Further, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VII.  ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VIII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, JUSTIN KILLIAN, the defendant, affirm this document contains all of the agreements made between me– with the assistance of my attorney–  and the United States regarding my plea(s).  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty.  If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.  If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement.  If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

charges to which I am pleading guilty. My attorney has investigated my case and

followed up on any information and issues I have raised to my satisfaction. My

attorney has taken the time to fully explain the legal and factual issues involved

in my case to my satisfaction. We have discussed the statutes applicable to my

offense and sentence as well as the possible effect the U.S.S.G. may have on my

sentence.

Based on my complete understanding of this plea agreement, I therefore

wish to enter a plea of guilty to Count 2 of the indictment.

DATED: _8/27/07_                    _____
                                    JUSTIN KILLIAN
                                    Defendant


As counsel for the defendant, I have discussed with the terms of this plea
agreement with the defendant, have fully explained the charge(s) to which the
defendant is pleading guilty and the necessary elements, all possible defenses,
and the consequences of a guilty plea to a felony. Based on these discussions, I
have no reason to doubt that the defendant is knowingly and voluntarily entering
into this agreement and entering a plea of guilty. I know of no reason to question
the defendant's competency to make these decisions. If, prior to the imposition of
sentence, I become aware of any reason to question the defendant's competency
to enter into this plea agreement or to enter a plea of guilty, I will immediately
inform the court.

DATED: _8/27/07_                    _____
                                    ALLAN BEISWENGER
                                    Attorney for Justin Killian

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _____8/28/07_____

_____
FRANK V. RUSSO
Assistant U.S. Attorney

DATED: _____8/28/07_____

_____
THOMAS C. BRADLEY
Assistant U.S. Attorney

DATED: _____9/3/07_____

_____
NELSON P. COHEN
United States Attorney

Justin Killian Plea Agreement
Case No. 3:06-cr-00041-08